

**U.S. Department of Justice**

Tax Division

*Please reply to: Appellate Section*

Facsimile No. (202) 514-8456                                        P.O. Box 502
Telephone No.(202) 514-3361                                       Washington, D.C. 20044

GJKlimas
5-16-5343
2025100520                                          October 9, 2025

Clifton Cislak, Esquire
Clerk, U.S. Court of Appeals
  for the District of Columbia Circuit
U.S. Courthouse, Room 5205
333 Constitution Avenue, N.W.
Washington, D.C.  20001

      Re:    Centro de Trabajadores Unidos, et al. v. Scott Bessent, et al.
            (D.C. Cir. – No. 25-5181)

Dear Mr. Cislak:

      Under Rule 28(j), the appellees invite the Court's attention to authorities that bear on the question, raised at oral argument but not briefed by the parties, whether U.S. Immigration and Customs Enforcement ("ICE") is a "Federal agency," as that term is used in Internal Revenue Code ("I.R.C.") (26 U.S.C.) §6103 ("Section 6103").

      For purposes of Section 6103, "[t]he term 'Federal agency' means an agency within the meaning of section 551(1) of title 5, United States Code," commonly known as the "Administrative Procedure Act" or "APA."  I.R.C. §6103(b)(9).  Subject to exceptions not applicable here, the APA defines "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency."  5 U.S.C. §551(1).  Consistent with this broad definition, courts have treated ICE as an agency for purposes of the APA, notwithstanding that it is subject to oversight by its parent agency the Department of Homeland Security ("DHS").  *E.g.*, *Ramirez v. U.S. Immigration and Customs Enforcement*, 568 F. Supp. 3d 10, 24-26 (D.D.C. 2021); *State v. U.S. Immigration and Customs Enforcement*, 431 F.

Supp. 3d 377, 385-88 (S.D.N.Y. 2019); *Chao Chen v. Geo Group, Inc.*, 287 F. Supp. 3d 1158, 1166 (W.D. Wash. 2017).

This is also how courts have treated other agencies subject to oversight by DHS, such as the U.S. Citizenship and Immigration Services ("CIS") and U.S. Customs and Border Protection ("CBP"). *Nagle v. Jaddou*, 751 F. Supp. 3d 501, 507-12 (E.D. Pa. 2024) (CIS); *Kondapally v. U.S. Citizenship and Immigration Servs.*, 557 F. Supp. 3d 10, 25-28 (D.D.C. 2021) (CIS); *Milecrest Corp. v. United States*, 264 F. Supp. 3d 1353, 1373-75 (Ct. Int'l Trade 2017) (CBP). And it makes practical sense, given that ICE is responsible for functions previously performed by two other agencies, the U.S. Customs Service and Immigration and Naturalization Service. https://www.federalregister.gov/agencies/u-s-immigration-and-customs-enforcement (last visited Oct. 8, 2025).

This case was argued on October 3, 2025, before Judges Srinivasan, Millett, and Edwards. Please circulate this letter to the panel.

                                            Sincerely yours,

                                            /s/ Geoffrey J. Klimas

                                            GEOFFREY J. KLIMAS
                                            Attorney
                                            Appellate Section