**U.S. Department of Justice**
**Civil Division**
**Tax Litigation Branch**

*Telephone No.(202) 514-3361*                    *Please reply to: Appellate Section*
*Facsimile No. (202) 514-8456*                              *P.O. Box 502*
*Appellate.Taxcivil@usdoj.gov*                    *Washington, D.C. 20044*

GJKlimas
5-16-5343
2025100520                                         December 4, 2025

Clifton Cislak, Esquire
Clerk, U.S. Court of Appeals
  for the District of Columbia Circuit
U.S. Courthouse, Room 5205
333 Constitution Avenue, N.W.
Washington, D.C.  20001

      Re:    Centro de Trabajadores Unidos, et al. v. Scott Bessent, et al.
               (D.C. Cir. – No. 25-5181)

Dear Mr. Cislak:

      This letter responds to plaintiffs' Rule 28(j) letter concerning an email submitted in *Center for Taxpayer Rights v. Internal Revenue Serv.,* No. 25-0457 (D.D.C.).  In the email, the IRS listed three reasons why I.R.C. §6103(i)(2) did not authorize it to process an ICE request for approximately 700,000 individuals' addresses.  First, §6103(i)(2) is limited to criminal investigations and proceedings, but the IRS understood the request to seek addresses for civil immigration enforcement.  Second, §6103(i)(2) only authorizes the IRS to disclose taxpayers' return information in response to a request setting forth their names and addresses, and ICE had not yet provided "address information for the individuals at issue."  Third, the IRS stated that §6103(i)(2) does not authorize the disclosure of taxpayer return information, including address information, "under any circumstances." (TD_0000003-TD_0000005.)

      Notwithstanding plaintiffs' assertion to the contrary, the email does not undermine Judge Friedrich's conclusion that the subsequently executed memorandum of understanding ("the Memorandum") complies with I.R.C. §6103(i)(2).  (JA104-09.)  First, the Memorandum is limited to criminal investigations and proceedings.  (JA101-02.)  Second, the Memorandum provides that all ICE requests will conform to the §6103(i)(2) requirements, including providing the names and addresses of taxpayers about whom

information is sought.  (JA116.)  Third, the statement in the email that §6103(i)(2) does not authorize the disclosure of taxpayer return information "under any circumstances" is incorrect for the reasons explained in our brief.  (Gov't Br. 6-7.)  While §6103(i)(2) generally only authorizes the IRS to disclose return information "other than taxpayer return information," it provides that "a taxpayer's identity"—*i.e.*, his name, mailing address, and taxpayer identifying number—"shall not be treated as taxpayer return information" for purposes of (i)(2).  I.R.C. §6103(i)(2)(A), (C); *see also id.* §6103(b)(6).

Furthermore, nothing in the email supports plaintiffs' contention that "section 6103(i)(2) does not authorize disclosures of only a taxpayer's address" (Ltr. 2), which is incorrect for the reasons articulated at pp. 34-37 of our brief.  Nor does the email somehow render the Memorandum "an arbitrary and unexplained change in policy" (Ltr. 2), where it simply tracks the terms of the statute (JA104-09).

        Sincerely yours,

        /s/ *Geoffrey J. Klimas*

        GEOFFREY J. KLIMAS
        Attorney
        Appellate Section

# CERTIFICATE OF COMPLIANCE

## Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1. This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

   [X]   this document contains <u>339</u> words, **or**

   [ ]   this brief uses a monospaced typeface and contains _____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [X]   this document has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in Century Schoolbook 14, **or**

   [ ]   this brief has been prepared in a monospaced typeface using _____ with _____.

(s)   <u>/s/ Geoffrey J. Klimas</u>

Attorney for <u>  Appellees  </u>

Dated:  <u>December 4, 2025</u>