

**U.S. Department of Justice**
**Civil Division**
**Tax Litigation Branch**

*Telephone No.(202) 514-3361*  *Please reply to: Appellate Section*
*Facsimile No. (202) 514-8456*  *P.O. Box 502*
*Appellate.Taxcivil@usdoj.gov*  *Washington, D.C. 20044*

GJKlimas
5-16-5343
2025100520                                February 20, 2026

Clifton Cislak, Esquire
Clerk, U.S. Court of Appeals
  for the District of Columbia Circuit
U.S. Courthouse, Room 5205
333 Constitution Avenue, N.W.
Washington, D.C.  20001

      Re:   Centro de Trabajadores Unidos, et al. v. Scott Bessent, et al.
           (D.C. Cir. – No. 25-5181)

Dear Mr. Cislak:

      This letter responds to plaintiffs' Rule 28(j) letter concerning the opinion and order in *Cmty. Econ. Dev. Ctr. ("CEDC") v. Bessent*, No. 1:25-cv-12822 (D. Mass.), which (a) stayed and preliminarily vacated the memorandum of understanding ("MOU") between the Treasury Department and DHS and (b) enjoined DHS from using the addresses obtained thereunder. (Op. 42.) In light of this relief, along with another court's injunction prohibiting the IRS from disclosing return information to DHS "except in strict compliance with" 26 U.S.C. §6103,[1] plaintiffs cannot establish that they will suffer irreparable harm without a preliminary injunction here. Accordingly, they are not entitled to one. (Gov't Br. 65.)

      Moreover, the ruling in *CEDC* involved an as-applied challenge to the MOU, whereas this case involves a facial challenge. Thus, *CEDC* does not call into question Judge Friedrich's conclusions that (a) the MOU is a general statement of policy not susceptible to pre-enforcement review and (b) the MOU complies with §6103(i)(2) in any event. (JA104-11; *see* Gov't Br. 31-57.)

---

[1] *Ctr. for Taxpayer Rights v. Internal Revenue Serv.*, 2025 WL 3257096, at *1 (Nov. 21, 2025), *appeal docketed*, No. 26-5006 (D.C. Cir.).

And the fact that the MOU complies with §6103(i)(2) also means that it is not arbitrary and capricious. (Gov't Br. 55.)

Relatedly, Judge Friedrich observed that, because DHS had not previously requested taxpayer addresses under §6103(i)(2), the IRS had not previously decided whether it was bound to honor such a request. (JA110.) Thus, "any substantive change" under the MOU was not traceable to an IRS "change in position." (JA110; *see* Gov't Br. 54-57.) *CEDC*'s contrary characterization of the MOU as an "unexplained policy change" is, therefore, misplaced. (Op. 29-30.)

Also misplaced is *CEDC*'s conclusion that the Internal Revenue Code's remedial scheme is not the exclusive recourse for taxpayers aggrieved by the disclosure of their return information. (Op. 27-28.) The elaborate, comprehensive, and reticulated nature of that scheme shows that Congress intended it to be exclusive. (Gov't Br. 57-63.) Indeed, when Congress wanted to provide forward-looking relief, it did so expressly. *See* 26 U.S.C. §6110. It did not do so under the circumstances present here.

                                                       Sincerely yours,

                                                       /s/ *Geoffrey J. Klimas*

                                                       GEOFFREY J. KLIMAS
                                                       Attorney
                                                       Appellate Section

# CERTIFICATE OF COMPLIANCE

**Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements**

1. This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

　　[X]　this document contains <u>350</u> words, **or**

　　[ ]　this brief uses a monospaced typeface and contains _____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

　　[X]　this document has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in Century Schoolbook 14, **or**

　　[ ]　this brief has been prepared in a monospaced typeface using _____ with _____.

(s) <u>  /s/ Geoffrey J. Klimas  </u>

Attorney for <u>  Appellees  </u>

Dated: <u>     February 20, 2026     </u>

14938806.1